# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC<br><br>PLAINTIFF<br><br>v.<br><br>SARA OHMEIS<br><br>DEFENDANT(S) | CIVIL ACTION NO:<br>2:23-cv-00045-SDN<br><br>Title to Real Estate is Involved<br><br>Property address: 42 Summer St.,<br>Biddeford, ME 04005<br><br>Mortgage: York County Registry<br>of Deeds, Book 18004, Page 39 |

## MOTION FOR JUDGMENT BY DEFAULT
## WITH INCORPORATED MEMORANDUM

Plaintiff hereby moves for default judgment against the sole Defendant Sara Ohmeis. In support of this motion, Plaintiff further states as follows:

The Court granted Plaintiff's motion for entry of default on August 23, 2024. Defendant had filed an answer to the Complaint (ECF No. 1) and mediation was completed January 4. 2024, with no resolution as Defendant did not appear at the mediation and the case was restored to this Court's active docket. Defendant did not thereafter otherwise answer or appear. Therefore, what remains is for Plaintiff to establish its entitlement to a judgment of foreclosure under Maine law. *See* 14 M.R.S. § 6321; *Bank of Am. v. Greenleaf,* 96 A.3d 700, 2014 ME 89 (setting forth all necessary criteria for judgment). *Greenleaf* identifies "the eight elements of proof to support a judgment of foreclosure." *Id.*, 96 A.3d at 708, 2014 ME 89, ¶ 18. The elements are,

- The existence of the mortgage, including its recorded book and page numbers and an adequate description of the premises;

- Proof of ownership of both the promissory note and mortgage, including all assignments and endorsements;

- Breach of condition in the mortgage;

- The amount due;

- The order of priority;

- Evidence of properly served notice of right to cure in compliance with 14 M.R.S. § 6111;

- Proof of completed mediation where required under state law; and

- An affidavit that Defendant is not in military service as defined by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*

*Id.* In addition, 14 M.R.S. § 6321 requires that Plaintiff record the foreclosure complaint or a clerk's certificate with the mortgage book and page, and the property address, clearly identified.

## ARGUMENT

Plaintiff is entitled to judgment of foreclosure because the documentary evidence satisfies each of these *Greenleaf* and § 6321 factors (subject to, thereafter, a Hearing on damages).

### A. The Existence and Proper Description of the Mortgage and Premises in the Complaint

The Complaint, as amended, identifies the property address, and recorded book and pages numbers for the mortgage, on the first page. (ECF No. 1). This is sufficient to establish the existence of the recorded mortgage and the property description. *See Greenleaf*, 96 A.3d, at 709, 2014 ME 89, ¶ 20; *see also Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)(court may consider documents whose authenticity the parties do not dispute, that are central to the plaintiff's case, or which are sufficiently referred to in the complaint without converting a motion on the pleadings to one for summary judgment). The Complaint was recorded in the York County Registry of Deeds in Book 19224, Page 627. *See* Affidavit of Attorney (the "Attorney Aff."), ¶ 8.

### B. Proof of Ownership of Both Note and Mortgage, Including All Assignments

Plaintiff certifies in the Complaint that it is the owner of the promissory note. (ECF No. 1,

Compl., ¶ 7); *see also Greenleaf*, 2014 ME 89, ¶ 21 (plaintiff must certify proof of ownership of note). The undersigned is in possession of the original note, which is endorsed in blank. *See* Attorney Aff., ¶¶ 2-3, Exhibit A; 11 M.R.S. § 3-1301 (owners and holders of note are entitled to enforce it).

Plaintiff owns the mortgage through assignment(s). As set forth in the Complaint and Motion to Substitute Plaintiff (due to an assignment of the mortgage and transfer of ownership of the note), the Mortgage was originally delivered to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage (ECF No. 1, Compl., ¶ 9; ECF No. 1, Compl., Ex. B). The Mortgage was assigned as follows: (1) by Assignment from Norwich Commercial Group, Inc. d/b/a Norcom Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Norwich Commercial Group, Inc. d/b/a Norcom Mortgage dated July 25, 2019 recorded on July 26, 2019 in Book 18004, Page 538; (2) by Assignment from Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Norwich Commercial Group, Inc. d/b/a Norcom Mortgage to Norwich Commercial Group, Inc. d/b/a Norcom Mortgage dated October 20, 2022 recorded on November 7, 2022 in Book 19148, Page 930; and (3) Assignment from Norwich Commercial Group, Inc. D/B/A Norcom Mortgage to Carrington Mortgage Services, LLC dated March 7, 2023 recorded on May 20, 2023 in Book 19231, Page 369. (ECF No. 1, Compl., ¶¶ 10-11; ECF No. 1, Compl., Ex. C; ECF No. 28, Moton to Substitute Plaintiff; ECF No. 29, Order granting Motion to Substitute).

This is sufficient to establish Plaintiff's ownership of the mortgage. *See Greenleaf*, 2014 ME 89, ¶ 22 (evidence of the mortgage and assignments satisfies this prong).

    **C.**    **Breach**

Defendant Sara Ohmeis is in default, having failed to make the monthly payment due September 1, 2020, and having failed to make all required monthly payments thereafter. Plaintiff

has provided the full payment history for the subject loan, which documents all payments, debits and credits to the account and in which the aforesaid default can be seen. *Id.*, ¶ 7; *see also M&T Bank v. Plaisted*, 192 A.3d 601, 609-10, 2018 ME 121, ¶ 29 (party seeking judgment of foreclosure should provide admissible evidence showing original loan amount and full payment history). The payment history constitutes reliable and admissible business records sufficient to establish both breach and the amounts now due. *See* Exhibit D; *U.S. Bank Trust v. Jones*, 925 F.3d 534, 538-39 (integrated business records properly admitted into evidence under Federal Rules of Evidence). Plaintiff has therefore established that Defendant Sara Ohmeis has breached a condition of the mortgage. *See Greenleaf*, 96 A.3d at 709, 2014 ME 89, ¶ 23 (breach occurs where borrower fails to pay amounts due).

    **D.**    **Amount Due**

As a result of Defendant's default, Plaintiff has calculated the amounts presently due and owing under the terms of the note and mortgage. This is provided in the judgment figures summary Plaintiff has generated, which itself is based on the payment history records discussed above. *See* Exhibits D and F; *Jones*, 925 F.3d at 538-39. The proposed judgment being submitted with this motion itemizes all amounts due, based upon Plaintiff's properly-authenticated records. Attorney Aff., ¶ 9. Plaintiff will prove at the Hearing on damages, the authenticity of these records, as well as their veracity as to the specific amount due and owing.

    **E.**    **Order of Priority**

Defendant claims or may claim an interest in the Property, by virtue of the mortgage she granted in the amount of $233,025.00, dated July 25, 2019, and recorded in Book 18004, Page 39 of the York County Registry of Deeds (ECF No. 1); Attorney Aff., ¶ 7.

Defendant signed the mortgage. *See* Compl., ¶ 9 (ECF No. 1). Defendant executed the

note. *See* Compl., ¶ 9 (ECF No. 1). Defendant is the owner of the Property located at 2 Summer Street, Biddeford, Maine, by virtue of a deed from Laurie A. Clarke dated July 25, 2019, and recorded in the York County Registry of Deeds on July 26, 2019 in Book 18004, Page 37, and being more particularly described by the legal description attached to the Mortgage. *Id.*, ¶ 5 (ECF No. 1).

A search of the York County Registry of Deeds reveals no other recorded liens on the property. *See* Attorney Aff., ¶ 7.

### F. Evidence of Properly Served 14 M.R.S. § 6111 Demand Letter

Section 6111 of Title 14 provides that, before commencing any foreclosure action regarding property that is the borrower's primary residence, a Maine mortgagee cause to be mailed to a borrower a notice of right to cure letter. Any such letter should set forth a fixed, itemized cure amount and provide the borrower a minimum of thirty five days to pay that amount to cure the default. 14 M.R.S. § 6111(1). Such letters must also contain a series of other statutorily-mandated disclosures. 14 M.R.S. § 6111(1-A).[1]

Because Sara Ohmeis' usual place of abode is in at the property which is the subject hereof, in Biddeford, York County, Maine, thus her last known usual place of abode is at the subject property. *See* Summons Returned Executed (ECF No. 7); *see also* 14 M.R.S. § 6111(1) (statute applies where mortgagor is occupying all or a portion of the property as his or her primary residence). Plaintiff thus caused a fully-compliant demand letter to be mailed to Defendant. (ECF No. 1, Compl., Ex. D). The letter was mailed as follows: to Sara Ohmeis at her 42 Summer Street, Biddeford, ME address. (ECF No. 1, Compl., Ex. D).

### G. Mediation

Defendant was eligible to participate in the Maine Foreclosure Diversion (mediation)

program (ECF No. 9), as the state mediation program applies where the subject property is the "primary residence" of the "owner-occupant." 14 M.R.S. § 6321-A(3). Here, Sara Ohmeis has been defaulted for failure to answer or otherwise appear subsequent to the conclusion of the mediation program (ECF No. 13) and, as aforesaid, is believed to reside in the subject property but did not appear at the mediation nor has she filed anything further herein as of the date hereof.

### H. SCRA

Defendant is not in the military, for purposes of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* *See* Attorney Aff., ¶ 6.

### CONCLUSION

WHEREFORE, pursuant to the foregoing, it is Plaintiff's position that it has proffered sufficient, admissible documentary evidence to satisfying each and every prong of the required foreclosure under Maine substantive and federal procedural law, and therefore Plaintiff is entitled to judgment of foreclosure and sale by default, subject to its further proof of damages as shall be established by Hearing.

Dated: September 23, 2024          By: */s/ Carrie Folsom*
                                               Carrie Folsom, Esq. #9510
                                               Attorney for Plaintiff
                                               KORDE & ASSOCIATES, P.C.
                                               707 Sable Oaks Dr., Suite 250
                                               South Portland, ME 04106
                                               (207) 775-6223 x25032
                                               CFolsom@kordeassociates.com
                                               MEFednotices@kordeassociates.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC | **CIVIL ACTION NO:** 2:23-cv-00045- SDN |
| PLAINTIFF | Title to Real Estate is Involved |
| v. | Property address: 42 Summer St., Biddeford, ME 04005 |
| SARA OHMEIS | |
| DEFENDANT(S) | Mortgage: York County Registry of Deeds, Book 18004, Page 39 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date hereafter written, I electronically filed the documents hereinafter listed, all of which were filed on the same date, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    N/A

Further, I hereby certify that on the date hereafter written, I mailed by United States postal Service, the hereinafter listed documents, to the following non-registered participants, non-defaulted parties:

    N/A

Further, I hereby certify that on the date hereafter written, I mailed by United States postal Service, the hereinafter listed documents, to the following non-registered participants, defaulted, however Plaintiff has sent all of the applicable materials to the following, notwithstanding:

    Sara Ohmeis
    42 Summer Street, Apartment 1
    Biddeford, ME 04005

The materials so sent, with applicable attachments, are as follows:

1.     Motion for Default Judgment with incorporated Memorandum;

2.     Affidavit of Attorney in Support of Plaintiff's Motion for Default Judgment;

3.     Affidavit of Carrie Folsom (regarding military status);

4. Affidavit Concerning Attorney's Fees and Disbursements;

5. Certification of Attorney (regarding timely recording of Complaint in applicable Registry of Deeds); and

6. Proposed Judgment.

Dated: September 23, 2024        By: */s/ Carrie Folsom*
                                            Carrie Folsom, Esq. #9510
                                            Attorney for Plaintiff
                                            KORDE & ASSOCIATES, P.C.
                                            707 Sable Oaks Dr., Suite 250
                                            South Portland, ME 04106
                                            (207) 775-6223 x25032
                                            CFolsom@kordeassociates.com
                                            MEFednotices@kordeassociates.com